## Levenduski v. Levenduski

C.P. of Dauphin County, no. 357 S 1998.

*Max J. Smith Jr.,* for plaintiff.
*Madeline R. Kaufman,* for defendant.

LEWIS, *J.,* February 2, 2001—Defendant Laura Levenduski and plaintiff Joel Levenduski were married on May 31, 1980 and divorced on March 23, 1999. The parties are the parents of three children, Nicholas, born April 12, 1981; Renee, born February 23, 1983; and Matthew, born December 20, 1991. Since December 9, 1997, Nicholas and Renee have resided with Mr. Levenduski and Matthew has resided with Mrs. Levenduski.

On March 10, 1999, the parties executed a property settlement agreement which both believed would resolve all issues pertaining to the divorce. At the time, the parties were represented by counsel. Presently before this court is Mrs. Levenduski's petition for enforcement and contempt of property settlement agreement. She argues that her former husband has violated several provisions of their agreement, including those dealing with child support, life insurance and the division of Mr. Levenduski's pension. This court's analysis of her arguments and the relevant law is set forth below.

Mrs. Levenduski's main contention pertains to paragraph 10 of the agreement which states in pertinent part:

"(10) *Pension and retirement*

"Wife will receive 30 percent of husband's military retirement. Husband agrees to apply for retirement no later than June 30, 1999. . . . Wife further waives the military survivor benefit plan."

The United States Code defines "disposable retired pay" in the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 USCS §1408, as the total monthly retired pay to which a member is entitled less

amounts which . . . (B) are deducted from the retired pay of such member as a result of . . . a waiver of retired pay required by law in order to receive compensation under title 5 or title 38. 10 USCS §1408(A)(4)(B).

Testimony at the hearing revealed that Mr. Levenduski began receiving military pension of $2,406 in August of 1999. However, Mrs. Levenduski did not begin receiving her 30 percent share until September of 1999. Therefore, this court finds that Mrs. Levenduski is entitled to be reimbursed by her former husband for August of 1999 in the amount of $721.80, plus interest.

Subsequently, Mr. Levenduski applied for and was approved for veteran's disability compensation. Those payments, which started in July of 2000, are offset against his military retirement benefits and are tax-free. Accordingly, Mr. Levenduski maintains that the disability benefit is a separate benefit that Mrs. Levenduski is not entitled to. He further argues that the terms of the agreement are clear and unambiguous. The parties agreed that Mrs. Levenduski would receive 30 percent of Mr. Levenduski's military pay, not an actual monetary amount, no mater what dollar figure Mrs. Levenduski contemplated at the time of the agreement's execution.

Mrs. Levenduski counters that she knew nothing of her former husband's intention to apply for disability benefits. She maintains that prior to the time the parties executed the agreement, an appraisal had been conducted regarding Mr. Levenduski's pension. Mrs. Levenduski further maintains that she expected to receive an amount certain and she relied on that dollar figure. She contends that based on her reliance, she gave up her right to the

imposition of alimony in this action. Finally, she argues that since Mr. Levenduski did not apply for disability until after their agreement and after the commencement of his military retirement, Mr. Levenduski should be held to his contractual commitment, pursuant to the expectation of the parties at the time.

Mrs. Levenduski cites an unpublished Cumberland County opinion, issued on February 17, 1994 by the Honorable Edgar B. Bayley in support of her position. She maintains that the facts in that case, *Adams v. Adams,* 2205 civil 1987 (Cumb. Cty., February 17, 1994), are identical to the facts in the case sub judice. This court disagrees. In *Adams,* the wife was to receive a designated portion of her husband's retirement (46 percent). The provision in that property settlement agreement dealing with wife's apportionment of her husband's "disposable retirement pay" was specifically defined more restrictively as follows:

"All military retirement benefits to which husband is entitled *reduced only by the survivor benefit plan premium* if any for wife *and before any waiver for benefits received in lieu of husband's military retirement benefits,* together with any cost-of-living increases or similar increases that occur after retirement." *Adams,* at p. 3. (emphasis in original)

After execution of the agreement, husband received an offset from his military retirement pay for disability benefits subsequently received by him. Judge Bayley found the intent of the parties clear. Based on the specific language of their property settlement agreement, Judge Bayley required husband to pay the full amount

of military retirement pay to his ex-wife as calculated under the agreement without deductions for the veteran's disability benefit. *Adams,* at pp. 4-5. Husband did not appeal from this determination.

Several years later, Mr. Adams attempted to again reduce his wife's portion of his retirement. This time, Mr. Adams accepted a federal civil service position, which, like disability, operated to reduce his spouse's monthly pension benefit due to a federally mandated pay-cap ordered for dual government compensation of military retirees. On appeal, the Pennsylvania Superior Court, in *Adams v. Adams,* 725 A.2d 824 (Pa. Super. 1999), affirmed the lower court's ruling that Mr. Adams reimburse his wife the difference due between what she should receive pursuant to the terms of their property settlement agreement and what she received after her husband's deduction due to the civil service employment. The Superior Court explained:

"The trial court noted in its opinion that it previously had determined in the divorce action that the parties had agreed to a more restrictive definition than that made by the federal government. They did so without regard to the federal government's requirement that a reduction in husband's military retirement pay was a precondition to receipt of veteran's disability benefits. The trial court applied the same reasoning to deny husband a reduction in retirement pay owed to wife to reflect the reduction in his pension benefits required to meet the pay-cap imposed for dual government compensation of military retirees. Indeed, the trial court noted husband voluntarily elected to reduce his pension payments rather than his current salary. . . ." *Adams,* 725 A.2d at 827.

The Superior Court went on to reject Mr. Adams' latter argument and found that the trial court's conclusion was supported by the record. The court further discussed:

"Husband agreed to a more restrictive definition of eligible military retirement pay than the one recognized by the federal government. He promised not to make a waiver or accept any offset of his pension eligibility other than the amount deducted to fund one-half the survivor's benefit plan insurance. Consequently, the trial court correctly decided husband is bound to this mutually agreed upon and more restrictive definition of *"eligible"* disposable military retirement pay. He agreed to pay based on that definition without regard to unilateral subsequent waivers or offsets he initiated that the federal government then deducted to make its calculation of his eligible monthly military retirement pay. Husband is bound under the agreement to the terms as defined in the agreement." *Adams,* 725 A.2d at 828. (emphasis in original)

This court finds that it is this more restrictive definition of military retirement pay as found in the property settlement agreement in the *Adams* case that distinguishes the result from the instant case. In the Levenduskis' agreement, there is no restrictive definition or limiting language as to what offsets that which Mr. Levenduski is entitled to receive as pension money. Mr. Levenduski agreed to provide 30 percent of his military retirement pay to his wife, subject to the application of the federal law that controls the distribution and administration of his pension. To read a more restrictive definition as to what constitutes his military retirement pay with that which appears in their agreement is impermissible. Unfortunately for Mrs. Levenduski, the drafters of the agree-

ment should have considered such a result when creating an instrument intended to protect her future interest in her husband's retirement pay. Therefore, this court declines to improperly consider the intent of the parties at the time of the agreement's execution.

Of further note, the United States Supreme Court in *Mansell v. Mansell,* 490 U.S. 581 (1989), has interpreted the applicable provision of the U.S. Code holding that the USFSPA does not grant state courts the power to treat as property, divisible upon divorce, military retirement pay that has been waived to receive veterans' disability benefits. *Mansell,* 490 U.S. at 595. In addressing the potential unfairness in such a rationale, Justice Marshall explained:

"We realize that reading the statute literally may inflict economic harm on many former spouses. But we decline to misread the statute in order to reach a sympathetic result when such a reading requires us to do violence to the plain language of the statute and to ignore much of the legislative history. Congress chose the language that requires us to decide as we do, and Congress is free to change it." *Id.*

Two more issues are raised with regard to Mrs. Levenduski's petition, including proof of beneficiary designation on a life insurance policy and reimbursement for child support. This court finds that although Mr. Levenduski demonstrated at the hearing in this case that he had in fact obtained a life insurance policy with a face amount of $50,000, he has yet to designate Mrs. Levenduski as the beneficiary or provide proof of the same. This court orders that proof of such designation be pro-

vided to Mrs. Levenduski within 20 days from the date of this opinion and order.

Finally, Mrs. Levenduski is requesting child support and babysitting expenses incurred during 1999. Paragraph 11 of the agreement provides that Mr. Levenduski agrees to pay $600 in child support for Matthew directly to Mrs. Levenduski through December 31, 1999 and one-half the babysitting costs for Matthew during that summer. The agreement also provided that neither party could apply for a modification of that amount until January 1, 2000. Evidence revealed that upon petition filed by Mr. Levenduski, in October of 1999, Dauphin County domestic relations entered an order requiring him to pay $134.32 per month to Mrs. Levenduski.

Presently, Mrs. Levenduski requests the difference between the amount she should have received under the agreement and the amount she actually received based on the domestic relations order from September of 1999 through December of 1999, or $1,862.72. Further, she asks for $400 representing half of the babysitting expenses for Matthew during the summer of 1999. Since neither party presented proof that the amounts at issue were factored into the domestic relations order, this court finds that Mrs. Levenduski is entitled to those amounts covered by their agreement. Therefore, the total due Mrs. Levenduski toward the support of Matthew is $2, 262.72.

Accordingly, the following is entered:

ORDER

And now, February 2, 2001, the following is hereby ordered with respect to defendant Laura Levenduski's

petition for enforcement and contempt of property settlement agreement:

(1) Defendant's request for reimbursement of pension money not received as a result of plaintiff's receipt of disability compensation is denied.

(2) Defendant's request for reimbursement of $721.80 plus interest representing pension money not received for August of 1999 is granted.

(3) Defendant's request for reimbursement of $2,262.72 representing babysitting costs not received for the summer of 1999 and child support not received from September of 1999 through December of 1999 is granted.

(4) Counsel fees are not awarded to either party.